UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANI B. THEWENY,<br><br>                            Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, and DOES 1 through 10,<br><br>                          Defendants. | Case No.: 24-CV-00088-GPC-AHG<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>**[ECF No. 6]** |

Pending before the Court is Plaintiff's Motion to Remand. ECF No. 6-1 at 1. For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On December 13, 2023, Plaintiff filed a state court complaint against Mercedes-Benz USA, LLC ("Defendant"), alleging a number of state law claims arising out of her purchase of a 2022 Mercedes-Benz C300W. ECF No. 1-2 at 2. Defendant removed the case under diversity jurisdiction on January 12, 2024. ECF No. 1 at 1. This motion followed.

## DISCUSSION

There is a "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). As such, the burden of establishing removal jurisdiction falls to

Defendant. *See Nishimoto v. Federman-Bachrach Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990).

Plaintiff asserts that Defendant cannot meet its burden in this case. ECF No. 6-1 at 5. Plaintiff provides no support for this contention. While her motion cites the relevant standards, at no point does she apply them. Rather, her boilerplate motion merely recites relevant law and concludes that Defendant must demonstrate "substantive propriety"—that this Court has original jurisdiction—and "procedural propriety"—that the notice of removal complied with the procedural requirements contained in 28 U.S.C. § 1446. The Court addresses those arguments in turn.

### I. Original jurisdiction

The Court may only exercise removal jurisdiction over cases for which it has original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over civil claims, where the action arises between (1) citizens of different states and (2) the amount in controversy exceeds the sum or value of $75,000.

#### a. Diversity

On a motion to remand, Defendant is "merely required to allege (not to prove) diversity." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Defendant's notice of removal alleged that Plaintiff is "a California citizen" and that Mercedes-Benz is "a citizen of Michigan and Delaware." ECF No. 1 at 9. As mentioned above, Plaintiff does not articulate any arguments contesting either party's citizenship. Thus, the Court concludes that for the purposes of the instant motion, diversity of citizenship is satisfied.

#### b. Amount in Controversy

Here, where, Plaintiff's complaint "does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy" exceeds the statutory minimum. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

Defendant has met its burden. Plaintiff seeks "actual damages and/or restitution, consequential and incidental damages, civil penalties of 'up to two times the amount of actual damages,' reasonable attorney's fees, prejudgment interest; and such other relief as the Court may deem proper." ECF No. 1 at 4. Plaintiff's complaint invokes the Song-Beverly Act, ECF No. 1-3 at 8–9, and Defendant explains that under the act, "Plaintiff alleges actual damages of at least $57,735[].00 (the invoice price of their vehicle) and could be awarded up to twice that amount in civil penalties, for a total amount in controversy of $115,470.00."[1] ECF No. 1 at 6. Defendant supports this contention with a copy of the manufacturer's suggested retail price for Plaintiff's vehicle. Again, Plaintiff makes no argument in response. Thus, the Court concludes that Defendant has carried its burden. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## II.   28 U.S.C. § 1446

Finally, the Court finds that Defendant filed its notice of removal within 30 days of its receipt of a copy of the initial pleading, having been served on December 13, 2023, and removing the case on January 12, 2024. 28 U.S.C. § 1446(b). All relevant parties (there is

---

[1] Plaintiff's only attempt to engage with the facts is a boilerplate assault on the admissibility of several exhibits attached to Defendant's notice of removal. Plaintiff contends that Defendant's reference to the manufacturer's suggested retail price for Plaintiff's vehicle lacks foundation, lacks authentication, and is improper hearsay. ECF No. 6-3 at 2. But such objections are premature. See *Kalasho v. BMW of N. Am.*, LLC, No. 20-CV-1423-CAB-AHG, 2020 WL 5652275, at *2 (S.D. Cal. Sept. 23, 2020). When determining the amount in controversy, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer*, 116 F.3d at 377). "At the summary judgement stage, evidence need not be authenticated or otherwise presented in an admissible form." *Maurer v. Independence Town*, 870 F.3d 380, 384 (5th Cir. 2017) (citing Fed. R. Civ. P. 56(c)). Therefore, the Court rejects Plaintiff's evidentiary arguments at this time.

only one) joined in the removal, and Defendant attached all relevant pleadings. *See* ECF No. 1. Accordingly, there is no procedural impropriety.

## CONCLUSION

The Court finds that Defendant properly removed this case because the parties are diverse, the amount in controversy is met, and Defendant complied with 28 U.S.C. § 1446. For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand. The hearing set for March 22, 2024, is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 18, 2024

Hon. Gonzalo P. Curiel
United States District Judge